UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERUM SHIRAZI,

                          Plaintiff,

                    -v-

CITIBANK, N.A. *et al.*,

                          Defendants.

---

25 Civ. 2992 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court resolves here the three issues raised in the parties' joint letter of March 4, 2026. *See* Dkt. 52.

## I.     Discovery Dispute Regarding a Deposition Under Rule 30(b)(6)

As to taking limited discovery pursuant to the Court's February 18, 2026 Order, Dkt. 48, the parties agree that plaintiff Erum Shirazi may take two remote depositions of corporate representatives under Federal Rule of Civil Procedure 30(b)(6): one from defendant Citibank, N.A. ("Citibank"), and the other from defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. (together, "LVNV/Resurgent"). The defendants object to Shirazi's request to take a third remote deposition—of Steve Sabo, the Citibank employee who submitted a declaration in support of Citibank's motion to compel arbitration. The defendants argue that Mr. Sabo served only as a records custodian, and that his testimony would be cumulative to that of its designated Rule 30(b)(6) witness. Shirazi counters that Mr. Sabo's declaration went further than authenticating records—for example, by attesting that Shirazi herself (as opposed to a potential identity thief) had been issued the two credit cards whose account-opening provenance is a central issue here. Shirazi is correct.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). The party seeking discovery bears the burden of demonstrating its relevance. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Once relevance has been shown, the responding party must justify limiting discovery. *See Condit*, 225 F.R.D. at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015). District courts have "wide discretion in [the] handling of pre-trial discovery." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

Here, Citibank chose to submit a declaration by Mr. Sabo that went beyond authenticating business records in the manner of a Rule 30(b)(6) witness. It also attested, in Mr. Sabo's individual capacity, to facts germane to central factual disputes in this case. *See, e.g.*, Dkt. 25-2 (Sabo declaration) ¶¶ 5 ("Plaintiff was issued a Best Buy credit card account currently ending in 4794"), 7 ("I have determined that the Best Buy Account is subject to an arbitration agreement"), 9 ("Plaintiff did not notify Citibank that Plaintiff rejected the Arbitration Provision [in the Best Buy card agreement]"); *see also id.* ¶¶ 11–16 (same as to Citi Diamond Preferred Mastercard account). Mr. Sabo so attested based not only on his review of Citibank's records, but also, he attested, "based on my personal knowledge." *Id.* ¶ 4.

2

On the face of these declarations, Mr. Sabo appears to possess information relevant to this dispute. And a short deposition of him, which the Court expects would be conducted remotely, would not be unduly burdensome. The Court therefore orders Citibank to produce Mr. Sabo for a deposition, not to exceed two hours, at a date and time before April 17, 2026 that is mutually agreeable to the parties. *See, e.g., Richards v. Kallish*, No. 22 Civ. 9095, 2024 WL 1833920, at *3 (S.D.N.Y. Apr. 26, 2024) (two-hour deposition on relevant issues not unduly burdensome); *Ganci v. U.S. Limousine Serv., Ltd.*, No. 10 Civ. 3027, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (same).

**II.      Proposed Case Management Plan**

By separate order, the Court will endorse the parties' proposed case management plan, with the following two modifications: (1) adding the schedule, per docket 50, for supplemental briefing on defendants' motions to compel arbitration, and (2) briefly extending, *sua sponte*, the parties' deadline to exchange document demands and interrogatories (from March 9 to March 18, 2026).

**III.     Supplemental Briefing on Defendants' Motions to Compel Arbitration**

The parties' letter seeks confirmation that the summary judgment briefing anticipated by the Court's February 18 Order relates to defendants' motions to compel arbitration—and not to ultimate issues of liability. That is correct. For avoidance of doubt, the parties should submit Rule 56.1 statements and oppositions. In lieu of or in addition to these, the parties are also at liberty to submit a joint statement of stipulated facts, but the Court does not require them to do so.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 13, 2026
       New York, New York