**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ERUM SHIRAZI, | ) | Case No.: 1:25-cv-02992-PAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., | ) | |
| Serve:  Any Officer | ) | |
| 388 Greenwich Street | ) | |
| New York,  NY 10013 | ) | |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| Serve:  Corporation Service Company, Reg. Agent | ) | |
| 80 State Street | ) | |
| Albany, NY 12207 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RESURGENT CAPITAL SERVICES, L.P. | ) | |
| Serve:  Corporation Service Company, Reg. Agent | ) | |
| 80 State Street | ) | |
| Albany, NY 12207 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, LVNV FUNDING LLC, AND RESURGENT CAPITAL SERVICES, L.P**
**S.D.N.Y. LOCAL CIVIL RULE 56.1**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to S.D.N.Y. Local Civil Rule 56.1 and this Court's Order, dated March 13, 2026,

Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent")

(collectively "Defendants") submit the following statement of undisputed material facts upon

which there is no genuine issue of material fact to be determined in connection with their Renewed

Motion to Compel Erum Shirazi ("Plaintiff") to Arbitrate her claims:

1.    Plaintiff commenced the within action on April 10, 2025.  [ECF.  Doc. No. 1].

2.      Defendant LVNV is a single member limited liability company, whose sole business consists of investing in charged-off receivables.  *See* Affidavit in Support of Defendants' Motion executed by Tonya Henderson, an employee of Resurgent, Master Servicing Agent for LVNV ("Resurgent Aff.") at ¶ 3.

3.      Defendant Resurgent serves as Master Servicing Agent for LVNV, to manage its assets, including providing the services of acting as a records custodian.  *See* Resurgent Aff.  at ¶ 3.

4.      Plaintiff is an individual who currently resides at 600 West 140th Street, Apartment 2F, New York, New York 10031.  *See* Supplemental Declaration executed by Jonathan Robbin, Esq. of J. Robbin Law in Support of Defendants' Motion ("Robbin Supp. Decl."), **Exhibit N** (Shirazi Deposition) at 53-54.

### A.  The Debt

5.      Defendant is holder of a charged off Credit Card Account ending in 4794 (the "Account"), which was originally issued by Citibank, N.A. for merchant Best Buy.  *See* Declaration executed by Jonathan Robbin, Esq. of J. Robbin Law PLLC in Support of Defendants' Motion ("Robbin Decl."), **Exhibit G** ("Citibank Decl."), ¶ 5; *see also* Affidavit in Support of Defendants' Motion executed by Tonya Henderson, an employee of Resurgent, Master Servicing Agent for LVNV ("Resurgent Aff."), ¶ 10; **Exhibit A** (Collection Complaint), ¶¶ 4-5, to Robbin Decl.

6.      The account was opened on or about September 28, 2015, in the name of Erum Shirazi, with her social security number, date of birth, and her confirmed prior address, 341 East 70th Street, Apartment 15D, New York, NY 10021.  **Exhibit G** (Citibank Decl.), ¶ 10, to Robbin Decl.; *see also* Exhibit B to Citibank Decl.; Resurgent Aff., ¶ 10; **Exhibit 1** to Resurgent Aff.

7.      Citibank mailed the Cardholder Agreement and several account statements to this address.  *See* Robbin Decl., **Exhibit L** (Sabo Deposition) at 100, 113-14, 122-23, 144; *see also* Robbin Decl., **Exhibit M** (Shirazi Deposition), Exhibit 6 at CITIBANK 000327-000340.

8.      The same address was used to open two other accounts with Citibank – a Macy's Card and a Citi Diamond Preferred Card.  *See e.g.*, Robbin Decl., **Exhibit L** (Sabo Deposition) at 77, Exhibit 16 at CITIBANK 000004; *see also* Robbin Decl., **Exhibit L** (Sabo Deposition), Exhibit 17 at CITIBANK 000099.

9.      Citibank mailed account documents for the Macy's Card and Citi Diamond Preferred Card to the at 341 East 70th Street, Apartment 15D, New York, NY 10021 address.  *See* Robbin Decl., **Exhibit L** (Sabo Deposition) at 113-14, 144-45.

10.      Plaintiff has, on multiple occasions, affirmed that she was the party that opened the Macy's Card using the same address as used to open the Best Buy Agreement.  *See e.g.*, Robbin Suppl. Decl., **Exhibit O** (Shirazi Deposition) at 33 ("Yes, I opened the Macy's account, yes.").

11.      Plaintiff does not deny opening the Account; instead, she states that she cannot recall opening the Account.  *See* **Exhibit H** (Plaintiff Decl.), ¶ 4 to Robbin Decl.

12.      Plaintiff acknowledged that, upon purchasing an Apple Product from Best Buy, she received a card.  S*ee* Robbin Suppl. Decl., **Exhibit P** (Shirazi Deposition) at 159-164.

### B.  Use of The Account

13.      It is undisputed that Plaintiff previously worked as a Flight Attendant for Pakistan International Airlines.  *See* Robbin Decl., **Exhibit M** (Shirazi Deposition) at 76-77, 146.

14.      As a Flight Attendant, Plaintiff regularly traveled between New York and Pakistan, with a layover in Toronto, Canada.  *See* Robbin Decl., **Exhibit M** (Shirazi Deposition) at 153-157; *see also* Robbin Decl., **Exhibit M** (Shirazi Deposition), Exhibit 16.

15.    Plaintiff's undisputed dates and locations of travel are listed in the Chart below (Robbin Decl., **Exhibit M** (Shirazi Deposition), Exhibit 16).  Further, locations of charges made on the Best Buy Card that correspond to the dates of travel are also listed in the Chart Below. (Robbin Decl., **Exhibit M** (Shirazi Deposition), Exhibit 6):

| Date | Plaintiff's Travel Activity | Credit Card Charges | Location of Charge | Amount of Purchase |
|---|---|---|---|---|
| 5/11/2018 | Layover – YYZ (Toronto Pearson Airport) | TORONTO DUTY FREE CATH MISSISSAUGA CD<br><br>Ex. 6 at CITIBANK 000443. | Mississauga, Canada | $ 57.28 |
| | Flight – YYZ to JFK<br><br>Ex. 16 at 5. | JFK TVM*JFK03-JAMAICA C NEW YORK NY<br><br>Ex. 6 at CITIBANK 000443. | Jamaica, New York | $ 20.00 |
| 5/12/2018 | Layover in New York<br><br>Ex. 16 at 5. | FEEL BEAUTY SUPPLY JAMAICA NY<br><br>Ex. 6 at CITIBANK 000443. | Valley Stream, New York | $ 15.23 |
| | | DUNKIN #306826 035 JAMAICA NY<br><br>Ex. 6 at CITIBANK 000443. | Jamaica, NY | $ 21.15 |
| | | APPLE STORE #R095 NEW YORK NY<br><br>Ex. 6 at CITIBANK 000443. | New York, NY | $1,087.66 |
| 5/13/2018 | Flight – JFK to YYZ<br><br>Ex. 16 at 5. | AMERICAN AIR0010284889720 FORT WORTH TX<br><br>Ex. 6 at CITIBANK 000443. | | $ 25.00 |
| | Layover in YYZ<br><br>Ex. 16 at 5. | AEROPORTT AXI LIMOUSIN MISSISSAUGA CD<br><br>Ex. 6 at CITIBANK 000443. | Mississauga, Canada | $ 47.15 |

| Date | Plaintiff's Travel Activity | Credit Card Charges | Location of Charge | Amount of Purchase |
|---|---|---|---|---|
| 7/22/2018 | Arrival and Layover in YYZ | SHOPPER'S DRUG MART #1402 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 41.02 |

| 7/23/2018 | Ex. 16 at 5. | FOREVER 21 #390 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 12.82 |
|---|---|---|---|---|
| | | SEPHORA EATON CTR 500 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 39.64 |
| 7/24/2018 | | DOLLARAMA # 370 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 5.16 |
| | | ARDEN # 371 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 51.87 |
| | | ARDENE #501 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 42.89 |
| | | SHOPPER'S DRUG MART #1402 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 8.06 |

| Date | Plaintiff's Travel Activity | Credit Card Charges | Location of Charge | Amount of Purchase |
|---|---|---|---|---|
| 8/17/2018 | | VICTORIA'S SECRET STORES TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 114.23 |
| | | SHOPPERSDRUGMART0943 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 59.69 |
| 8/18/2018 | Layover in YYZ<br><br>Ex. 16 at 5. | DOLLARAMA # 370 TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 24.24 |
| | | VICTORIA'S SECRET STORES TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 65.77 |
| | | THAI ON YONGE INC. TORONTO CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 11.21 |
| 8/19/2018 | Flight from YYZ to KHI (Pakistan)<br><br>Ex. 16 at 5. | TORONTO DUTY FREE CATI MISSISSAUGA CD<br><br>Ex. 6 at CITIBANK 000423. | Toronto, Canada | $ 62.41 |

| Date | Travel Activity | Credit Card Charge | Location of Charge | Amount of Purchase |
|---|---|---|---|---|
| 12/24/2018 | Layover – YYZ<br><br>Ex. 16 at 5. | DOLLARAMA # 370 TORONTO CD<br><br>Ex. 6 at CITIBANK 000387. | Toronto, Canada | $ 44.41 |
| | | DOLLARAMA # 370 TORONTO CD<br><br>Ex. 6 at CITIBANK 000387. | Toronto, Canada | $ 15.98 |
| | | SHOPPER'S DRUG MART #1402 TORONTO CD<br><br>Ex. 6 at CITIBANK 000387. | Toronto, Canada | $ 107.47 |
| | | MAC TORONTO EATON CENTRE TORONTO CD<br><br>Ex. 6 at CITIBANK 000387. | Toronto, Canada | $ 20.00 |

16.     It is undisputed that, on the above dates, Plaintiff was in the same location that the above charges were made.

17.     It is undisputed that Plaintiff does not remember whether she made these purchases. S*ee* Robbin Decl., **Exhibit M** (Shirazi Deposition) at 158 ("I don't know because I don't remember I can do it.").

18.     Periodic payments were made on the balance incurred on the Account until February 14, 2021.  *See* **Exhibit G** (Citibank Decl.), ¶ 10, to Robbin Decl.; *see also* Exhibit 3 to Citibank Decl., *generally*; Resurgent Aff., ¶¶ 11-12; **Exhibit 2** to Resurgent Aff; *see also* Robbin Decl., **Exhibit K** (Sexton Deposition) at 65-67.

19.     The last payment was made on the Account in March 2021, but the payment was returned and not applied to the Account.  *See* **Exhibit G** (Citibank Decl.), ¶ 10, to Robbin Decl.; *see also* Exhibit B to Citibank Decl.; Resurgent Aff., ¶ 12; **Exhibit 2** to Resurgent Aff.

20.     Charges continued to be incurred on the Account, but no further payments were made.  *See* Resurgent Aff., ¶ 13; *see also* **Exhibit 2** to Resurgent Aff.

21.    Ultimately, the Account was in default as of March 17, 2021, and the Account was charged off on September 22, 2021.  *See* Resurgent Aff., ¶ 14.

## C.  Agreement to Arbitrate

22.    The original Cardholder Agreement includes an Arbitration Agreement.  *See* Resurgent Aff.  at ¶ 10, **Exhibit 1**.

23.    The Arbitration Agreement (1) applies to claims against Citibank and its successors or assignees; (2) regarding collections disputes and any other matters relating to the Account; (3) expressly waives class action claims; and (4) designates American Arbitration Association ("AAA") as arbitration administrators for any covered disputes.  *See* Exhibit A to **Exhibit G** (Citibank Decl.); *see also* **Exhibit 1** and **Exhibit 2** to Resurgent Aff., *generally*.

24.    At the time the Account was opened, the 2015 Arbitration Agreement stated:

> *Agreement to Arbitrate:* Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").
>
> *Claims Covered*
>
> **What Claims are subject to arbitration?**  All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision.  All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek.  This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims.  A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party.  Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.

*See* Resurgent Aff. ¶ 10, **Exhibit 1** at 6-7.

25.    Likewise, later versions of the Arbitration Agreement, amended in 2021 and 2022, adopted much of the 2015 Agreement, and stated:

> *You or we may arbitrate* any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").
>
> **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**
>
> Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third0-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims.  This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company.

*See* Exhibit A to **Exhibit G** (Citibank Decl.), *generally,* to Robbin Decl.*; see also* Resurgent Aff., ¶ 26; **Exhibit 5** and **Exhibit 6** to Resurgent Aff., *generally.*

26.    The 2015 Arbitration Agreement further states "[t]his also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company."  *See* Exhibit A to **Exhibit G** (Citibank Decl.), *generally,* to Robbin Decl.*; see also* Resurgent Aff., ¶ 27; **Exhibits 5** and **Exhibit 6** to Resurgent Aff., *generally.*

27.    The Agreement also provides:

*PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.*

**THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.**

*See* Exhibit A to **Exhibit G** (Citibank Decl.) to Robbin Decl.; *see also* Resurgent Aff., ¶ 29; **Exhibit 1**, **Exhibit 5**, and **Exhibit 6** to Resurgent Aff.

28.    The Arbitration Agreement states that arbitration under the Agreement is to be conducted by the AAA and subject to the Federal Arbitration Act, 9 U.S.C. § 1 ("FAA"). *See* Exhibit A to **Exhibit G** (Citibank Decl.); *see also* Resurgent Aff., ¶¶ 29-30; **Exhibit 2** to Resurgent Aff.

29.    Plaintiff does not dispute receipt of the Arbitration Agreement, but, rather, affirms that she cannot recall whether she received it. *See* **Exhibit H** (Plaintiff's Decl.), ¶ 3.

### D. Transfer and Assignment of the Account

30.    On November 23, 2021, Citibank sold, assigned, and conveyed all rights and obligations to several consumer credit accounts, including the Account, to Resurgent Acquisitions LLC ("RALLC"). *See* Resurgent Aff., ¶ 16; *see also* **Exhibit 3** to Resurgent Aff.; **Exhibit A** (Collection Complaint), ¶ 5, to Robbin Decl.

31.    Thereafter, on November 23, 2021, the Account was sold, assigned, and conveyed, first from RALLC to LVNV.  *See* Resurgent Aff., ¶ 17; *see also* **Exhibit 3** to Resurgent Aff.; **Exhibit A** (Collection Complaint), ¶ 5, to Robbin Decl.[1]

32.    On November 24, 2021, Citibank mailed a letter, informing Plaintiff that the Account was no longer owned by Citibank.  *See* Resurgent Aff., ¶ 18; *see also* **Exhibit 4** to Resurgent Aff**.**

### E.  The Collection Action

33.    On or about January 16, 2024, LVNV filed a Complaint (the "Collection Complaint") in the Civil Court of the City of New York, Bronx County ("Collection Court"), styled as *LVNV Funding LLC v. Erum Shirazi*, Docket Number CV511-24/BX, to collect on Plaintiff's debt in connection with the Account ("Collection Action").  See Robbin Decl., ¶ 2; see also Exhibit A (Collection Complaint) to Robbin Decl.

34.    On January 18, 2024, Plaintiff was served with the Collection Action.  *See* Robbin Decl., ¶ 3; *see also* **Exhibit B** to Robbin Decl.

35.    On or about May 14, 2025, LVNV filed a Notice of Discontinuance of the Collection Action.  *See* Robbin Decl., ¶ 4; *see also* **Exhibit C** to Robbin Decl.

### F.  Procedural History

36.    On April 10, 2025, over a year after the Collection Complaint was filed, Plaintiff filed the instant Complaint against Defendants and Citibank ("Complaint").  [ECF Doc. No. 1]. *See* Robbin Decl., ¶ 6; *see also* **Exhibit E** to Robbin Decl**.**

---

[1] Thus, each of the Defendants is an assignee of the Account and can enforce all rights and remedies set forth in the Cardholder Agreement, which remained the same throughout the pendency of the Account and thereafter, including during the transfers to and among Defendants.  *See* Resurgent Aff., ¶ 20; *see also* **Exhibit 1** and **Exhibit 3** to Resurgent Aff.

37.     On May 27, 2025, Defendants filed an Answer to the Complaint.  [ECF Doc. No. 13].  *See* Robbin Decl., ¶ 7; *see also* **Exhibit F** to Robbin Decl**.**  On May 29, 2025, Citibank filed an Answer to the Complaint.  [ECF Doc. No. 16].  *See* Robbin Decl., ¶ 8.

38.     On July 1, 2025, the parties appeared for the initial pretrial conference.  [ECF Doc. No. 23].  *See* Robbin Decl., ¶ 9.

39.     On September 10, 2025, Citibank filed a Motion to Compel Arbitration.  [ECF Doc. No. 25].  *See* Robbin Decl., ¶ 10.  In support of Citibank's Motion to Compel Arbitration, Citibank filed a Declaration of Steven Sabo, employee of Citibank, N.A. ("Citibank Decl.").  [ECF Doc. No. 25].  *See* Robbin Decl., ¶ 10; *see also* **Exhibit G** to Robbin Decl**.**

40.     On October 1, 2025, Plaintiff opposed Citibank's Motion.  [ECF Doc. No. 30].  *See* Robbin Decl., ¶ 11.  In opposition to Citibank's Motion, Plaintiff filed a Declaration ("Plaintiff's Decl.").  [ECF Doc. No. 30-1].  *See* Robbin Decl., ¶ 11; *see also* **Exhibit H** to Robbin Decl**.**

41.     On October 20, 2025, Defendants filed a Motion to Compel Arbitration.  [ECF Doc. No. 32].  *See* Robbin Decl., ¶ 13.  On February 18, 2026, the Court issued an order, directing the parties to conduct limited discovery on the issue of whether the Plaintiff is bound by the Arbitration Agreements contained in the Cardholder Agreements for the accounts at issue.  [ECF Doc. No. 49].  *See* Robbin Decl., ¶ 14.

42.     On March 13, 2026, the Court issued an additional order, providing deadlines for depositions and supplemental motions to compel arbitration.  [ECF Doc. No. 54].  *See* Robbin Decl., ¶ 15.

43.     On April 22, 2026, Plaintiff's counsel deposed Patricia Sexton, Paralegal 2 at Defendant Resurgent.  *See* Robbin Decl., ¶ 16; *see also* Robbin Decl., **Exhibit K**.

44. On April 23, 2026, Plaintiff's counsel deposed Steven Sabo, a Recovery Manager at Defendant Citibank. *See* Robbin Decl., ¶ 17; *see also* Robbin Decl., **Exhibit L**.

45. On April 29, 2026, Defendants' counsels conducted a Deposition of Plaintiff, Ms. Shirazi. *See* Robbin Decl., ¶ 18; *see also* Robbin Decl., **Exhibit M**.

46. On May 14, 2026, Plaintiff's counsel informed the Court that Plaintiff and Defendant Citibank reached a settlement. *See* Robbin Decl., ¶ 19 [ECF Doc. 65].

47. On May 15, 2026, the Court acknowledged the filing and terminated Citibank from this case. *See* Robbin Decl., ¶ 20 [ECF Doc. 66].

48. Currently, Defendants LVNV and Resurgent are the only remaining Defendants in this case.

Dated: Armonk, New York
May 28, 2026

Respectfully submitted,

*/s/ Jonathan M. Robbin*

Jonathan M. Robbin
**J. ROBBIN LAW**
200 Business Park Drive, Suite 103
Armonk, New York 10504
(914) 685-5017
*Attorneys for Defendants, LVNV Funding, LLC &*
*Resurgent Capital Services, L.P.*