**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ERUM SHIRAZI,

      Plaintiff,

v.

                                   Case No. 1:25-cv-02992-PAE

CITIBANK, N.A., *et al.*,

      Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS LVNV FUNDING LLC AND
RESURGENT CAPITAL SERVICES, L.P.'S LOCAL CIVIL RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to S.D.N.Y. Local Civil Rule 56.1, Plaintiff Erum Shirazi submits the following

Response to Defendants LVNV Funding LLC and Resurgent Capital Services, L.P.'s Statement

of Undisputed Material Facts in Support of Their Renewed Motion to Compel Arbitration, and

Plaintiff's Statement of Additional Material Facts in Opposition.

**THRESHOLD OBJECTIONS TO DEFENDANTS' STATEMENT**

At the outset, Plaintiff notes that Defendants' Statement relies heavily on declarations and

affidavits from witnesses who were not disclosed as witnesses in this litigation until the filing of

this motion. Specifically, Defendants rely throughout on the Affidavit of Tonya Henderson, an

employee of Resurgent, as a records custodian for both Resurgent and LVNV. Ms. Henderson's

affidavit purports to authenticate foundational documents—including the alleged Cardholder

Agreement and assignment records—without establishing a proper chain of custody or the

personal knowledge required by Fed. R. Evid. 602 and 901. Plaintiff reserves all objections to this

evidence.

Plaintiff further notes that several of Defendants' factual assertions improperly state legal

conclusions (e.g., that the Account was opened "in the name of Erum Shirazi" or that she is "bound

Page 1 of 17

by" the Arbitration Agreement) that are the ultimate issues to be decided by this Court and that are plainly disputed by Plaintiff.

**RESPONSES TO DEFENDANTS'**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff commenced the within action on April 10, 2025. [ECF Doc. No. 1].

   **RESPONSE:** Undisputed.

2. Defendant LVNV is a single member limited liability company, whose sole business consists of investing in charged-off receivables.

   **RESPONSE:** Undisputed.

3. Defendant Resurgent serves as Master Servicing Agent for LVNV, to manage its assets, including providing the services of acting as a records custodian.

   **RESPONSE:** Undisputed.

4. Plaintiff is an individual who currently resides at 600 West 140th Street, Apartment 2F, New York, New York 10031.

   **RESPONSE:** Undisputed as to Plaintiff's current address.

## A. THE DEBT

5. Defendant is holder of a charged off Credit Card Account ending in 4794 (the "Account"), which was originally issued by Citibank, N.A. for merchant Best Buy.

   **RESPONSE:** Undisputed that LVNV purports to hold a charged-off account originally issued by Citibank for Best Buy ending in 4794. Plaintiff disputes that this account was ever legitimately hers or that she is legally obligated to it.

Page 2 of 17

6.  The account was opened on or about September 28, 2015, in the name of Erum Shirazi, with her social security number, date of birth, and her confirmed prior address, 341 East 70th Street, Apartment 15D, New York, NY 10021.

**RESPONSE:** Disputed. While it is undisputed that someone used Plaintiff's name, social security number, date of birth, and prior address to open the Account in 2015, those facts do not establish that Plaintiff opened the Account. The use of a victim's personal identifying information is the defining characteristic of identity theft. Plaintiff has consistently and unequivocally denied opening the BestBuy Account. (Shirazi Dep. at 23 ("I never applying a Citibank card."); 97 ("Address is mine, but I never give the authority. I never opened— opened the account."); 162 ("I never, ever applied for the credit card and Citibank and the BestBuy bank.").) Defendants' own evidence shows that the Account address was subsequently changed to 1 Domino Way, Centereach, New York 11720—an address Plaintiff has never visited, does not know, and has no connection to. (Shirazi Dep. at 56.) Payments on the Account were made from a bank account ending in 9467, which is not Plaintiff's account. (Shirazi Dep. at 64-65.) The Citibank application records show a phone number, (347) 701-7433, which Plaintiff testified she has "never, ever" been associated with, and an email address, ErumSherni@yahoo.com, which is not her email. (Shirazi Dep. at 98-99.) The Diamond Preferred account opened on these same records listed an authorized user, Jawaid Qureshi, whom Plaintiff has never heard of. (Shirazi Dep. at 99.)

7.   Citibank mailed the Cardholder Agreement and several account statements to this address.

**RESPONSE:** Disputed. Having a document with a mailing address on it does not equate to actually placing that document into the mail stream. Likewise, mailing to an address does not establish receipt, and receipt does not establish that Plaintiff accepted the Agreement or its arbitration provision. Plaintiff testified that she never received BestBuy account statements or any Cardholder Agreement at 341 East 70th Street. (Shirazi Dep. at 101-102.) Plaintiff did not have independent access to the mailbox at that address—mail was controlled and distributed by the building resident, Mr. Kamal, whose mailbox she could not access on her own. (Shirazi Dep. at 51.) Moreover, at the time the BestBuy Account was opened in September 2015, the account address was later changed to 1 Domino Way, Centereach, New York 11720, an address with which Plaintiff has no connection, and to which account statements and correspondence would have been rerouted by the identity thief. (Shirazi Dep. at 56.) Further disputed because the cited evidence—the Sabo Deposition and BestBuy account statements—establishes only that Citibank's records show a mailing address, not that Plaintiff received the documents.

8.   The same address was used to open two other accounts with Citibank—a Macy's Card and a Citi Diamond Preferred Card.

**RESPONSE:** Disputed as to the inference Defendants seek to draw. While it is undisputed that Plaintiff's prior address at 341 East 70th Street was associated with multiple Citibank accounts, the use of that address to open multiple accounts is equally—if not more—consistent with an identity thief who had access to Plaintiff's personal information and known address of record. Plaintiff acknowledges opening only the Macy's account. (Shirazi Dep. at 23-24.) She has consistently denied opening the BestBuy and Diamond Preferred

accounts. (Shirazi Dep. at 23-24, 97, 162.) That an identity thief used the same address to open multiple accounts in Plaintiff's name does not establish that Plaintiff opened any of them other than the Macy's account she admits to.

9.      Citibank mailed account documents for the Macy's Card and Citi Diamond Preferred Card to the 341 East 70th Street, Apartment 15D, New York, NY 10021 address.

**RESPONSE:** Disputed in part. Undisputed that Citibank's records reflect that documents for both accounts were addressed to 341 East 70th Street. Disputed to the extent Defendants suggest they were actually mailed, with proper postage attached, and received by the addressee. Further disputed as implying that Plaintiff received those documents for the Diamond Preferred account. Plaintiff expressly testified she never received Diamond Preferred account statements at that address and did not receive the physical Diamond Preferred credit card. (Shirazi Dep. at 91 ("No, never."); 101 ("No."); 91 ("I'm pretty sure, no.").) As set forth above, mail at 341 East 70th Street was distributed by the building resident, and Plaintiff did not have independent mailbox access. (Shirazi Dep. at 51.)

10.     Plaintiff has, on multiple occasions, affirmed that she was the party that opened the Macy's Card using the same address as used to open the Best Buy Agreement.

**RESPONSE:** Disputed as to the inference Defendants seek to draw. Undisputed that Plaintiff acknowledges opening the Macy's account when she lived at 341 East 70th Street. (Shirazi Dep. at 23-24.) However, Plaintiff's acknowledgment that she opened the Macy's account is entirely consistent with, and does not contradict, her position that she did not open the BestBuy or Diamond Preferred accounts. The fact that she legitimately opened

one Citibank-affiliated account at a given address in no way establishes that a different fraudulently opened account at the same address was opened by her.

11.    Plaintiff does not deny opening the Account; instead, she states that she cannot recall opening the Account.

**RESPONSE:** Disputed. This is one of the most materially misleading statements in Defendants' submission. It misrepresents the record. Defendants selectively rely on a single sentence from Plaintiff's October 1, 2025 Declaration submitted in connection with Citibank's earlier motion—written before the parties had conducted the deposition discovery this Court ordered specifically to resolve formation questions—in which Plaintiff noted that the BestBuy account was "so long ago, I can't recall with complete certainty." (Robbin Decl., Ex. H, ¶ 4.) At deposition, conducted April 29, 2026, Plaintiff clarified and confirmed her position repeatedly and unambiguously: she denies opening the BestBuy account. (Shirazi Dep. at 28-29 ("Yes," in response to "are you denying that you opened the BestBuy account?"); 162 ("I never, ever applied for the credit card and Citibank and the BestBuy bank. I told you three, four times."); 23 ("I never applying a Citibank card.").) Deposition testimony controls over a prior declaration where the deposition provides a fuller and clearer account of the witness's position and Defendants had the opportunity to question Plaintiff about any claimed inconsistencies. The deposition record, which is the most recent and most complete sworn statement from Plaintiff, establishes an unequivocal denial. Defendants' characterization of the record as reflecting a mere failure of recollection—rather than a denial—is contradicted by the deposition transcript they themselves took.

12.    Plaintiff acknowledged that, upon purchasing an Apple Product from Best Buy, she received a card.

**RESPONSE:** Disputed as misleading and incomplete. Defendants' characterization of this testimony omits the critical context. Plaintiff testified that she went to Best Buy to purchase a MacBook, paid with her TD Bank debit card, and received a warranty card—not a Citibank credit card account. (Shirazi Dep. at 114-115 ("I went there, and I purchased, and they—they give me one card for this—it's—it's a three-year something warranty, and that's it."); 162 ("They gave me a warranty card for 300 something and I—this is the truth. And I never, ever applied for the credit card.").) Plaintiff repeatedly and explicitly denied applying for a credit card at Best Buy. (Shirazi Dep. at 162.) The receipt of a warranty or service card at a retail purchase does not establish that Plaintiff applied for, received, or agreed to a Citibank credit account or its accompanying Cardholder Agreement.

**B.     USE OF THE ACCOUNT**

13.    It is undisputed that Plaintiff previously worked as a Flight Attendant for Pakistan International Airlines.

**RESPONSE:** Undisputed.

14.    As a Flight Attendant, Plaintiff regularly traveled between New York and Pakistan, with a layover in Toronto, Canada.

**RESPONSE:**  Undisputed that Plaintiff's employment as a flight attendant involved regular travel between New York and Pakistan with Toronto layovers. Plaintiff notes that her flight routes and layover locations were known, predictable, and consistent with the

standard Pakistan International Airlines route structure—information that would have been accessible to an identity thief who had Plaintiff's personal information.

15-16. [Travel/charge correlation chart and assertion that Plaintiff was in the same location as charges on the above dates.]

**RESPONSE:** Disputed in part. Undisputed that Plaintiff's CBP travel records reflect her presence in Toronto and New York on certain dates, and that the BestBuy account statements reflect charges in those same locations on those dates. Disputed that this geographic correlation establishes that Plaintiff made those charges. The identity thief who opened the Account in Plaintiff's name was also in possession of the BestBuy credit card bearing Plaintiff's name and account information and would have been able to use the card in any location—including locations corresponding to Plaintiff's known, publicly predictable flight schedule as an airline employee. The correlation between Plaintiff's travel and card charges does not exclude the identity thief as the source of those charges and does not establish that Plaintiff used or possessed the card. This is particularly true given Defendants' complete lack of any signed receipts or other evidence that Plaintiff participated in the subject transactions. Plaintiff testified that she always used her TD Bank debit card for purchases and did not recognize or recall making those charges on the BestBuy account. (Shirazi Dep. at 108-109, 120-121.)

17. It is undisputed that Plaintiff does not remember whether she made these purchases.

**RESPONSE:** Disputed as a mischaracterization of Plaintiff's testimony. Defendants' selective quotation—"I don't know because I don't remember I can do it"—omits the full context of Plaintiff's testimony, in which she explained that she always uses her TD Bank

card and affirmatively denied applying for or using the BestBuy credit card. (Shirazi Dep. at 108-109 ("I always have a TD Bank card. That's it."); 162 ("I never, ever applied for the credit card.").) Plaintiff's testimony is not merely "I don't remember"—it is an affirmative denial that she made these charges on this account, combined with a consistent explanation that she used her own debit card for purchases.

18. Periodic payments were made on the balance incurred on the Account until February 14, 2021.

    **RESPONSE:** Disputed to the extent Defendants imply that Plaintiff made these payments. Plaintiff has no knowledge of any payments on the BestBuy Account. The payments were made from a bank account ending in 9467, which is not Plaintiff's account and which Plaintiff has never held. (Shirazi Dep. at 64-65.) The identity thief, not Plaintiff, was managing and making payments on the Account.

19. The last payment was made on the Account in March 2021, but the payment was returned and not applied to the Account.

    **RESPONSE:** Disputed to the extent Defendants imply that Plaintiff made or attempted this payment. For the same reasons set forth in response to ¶ 18, Plaintiff has no knowledge of any payments on this Account, did not make any payments, and was not the source of this returned payment.

20. Charges continued to be incurred on the Account, but no further payments were made.

    **RESPONSE:** Disputed to the extent Defendants imply that Plaintiff incurred these charges. Plaintiff did not make charges on the Account. As set forth above, Plaintiff denies

ever using the BestBuy credit card, and the charges on the Account were made by the identity thief in possession of the card.

21.    Ultimately, the Account was in default as of March 17, 2021, and the Account was charged off on September 22, 2021.

**RESPONSE:** Undisputed as to the dates of default and charge-off. Disputed to the extent these facts imply any obligation on the part of Plaintiff, who never opened, used, or authorized the Account.

## C.    **AGREEMENT TO ARBITRATE**

22.    The original Cardholder Agreement includes an Arbitration Agreement.

**RESPONSE:** Undisputed that the document Defendants have identified as the Cardholder Agreement contains an arbitration provision. Disputed that this arbitration provision is enforceable against Plaintiff. Whether the arbitration clause is binding on Plaintiff depends entirely on whether Plaintiff entered into the Cardholder Agreement—the central disputed issue in this motion, which Plaintiff denies.

23.    The Arbitration Agreement (1) applies to claims against Citibank and its successors or assignees; (2) regarding collections disputes and any other matters relating to the Account; (3) expressly waives class action claims; and (4) designates American Arbitration Association ("AAA") as arbitration administrators for any covered disputes.

**RESPONSE:** Undisputed as to the text and terms of the Arbitration Agreement as Defendants describe them. Disputed that this Agreement binds Plaintiff, who never entered into any Cardholder Agreement. The scope of an arbitration clause is irrelevant until the

threshold question of contract formation—whether Plaintiff agreed to be bound—is resolved in Defendants' favor. It has not been.

24.    At the time the Account was opened, the 2015 Arbitration Agreement stated [language of arbitration clause quoted].

**RESPONSE:** Undisputed as to the text of the 2015 Arbitration Agreement as reproduced by Citi. Disputed that this Agreement is enforceable against Plaintiff for the reasons stated in response to ¶¶ 22–23.

25.    Likewise, later versions of the Arbitration Agreement, amended in 2021 and 2022, adopted much of the 2015 Agreement.

**RESPONSE:** Undisputed as to the text of the later arbitration agreements. Disputed that any version of the Arbitration Agreement binds Plaintiff, who is not a party to any Cardholder Agreement. Further disputed that any amendment to an agreement Plaintiff never entered into can expand Defendants' rights against her. Further disputed that Plaintiff accepted the terms of any agreement by actual acceptance or later use, as Defendants have not established either.

26.    The 2015 Arbitration Agreement further states it includes claims made by or against anyone connected with us or you or claiming through us or you.

**RESPONSE:** Undisputed as to the text. Disputed that this language applies to Plaintiff. Plaintiff is not a party to the agreement, not a co-applicant, not an authorized user, and not an agent or representative of any party to the agreement. She is the victim of identity theft. An arbitration clause cannot bind a nonparty, and the identity thief's agreement to arbitrate—if any—cannot be imputed to Plaintiff.

27.   The Agreement also provides [bold arbitration notice language].

**RESPONSE:** Undisputed as to the text of the arbitration notice. Disputed that this notice was ever received by, communicated to, or agreed to by Plaintiff, who never received the Cardholder Agreement or later used the card. (Shirazi Dep. at 101-102.)

28.   The Arbitration Agreement states that arbitration under the Agreement is to be conducted by the AAA and subject to the Federal Arbitration Act, 9 U.S.C. § 1.

**RESPONSE:** Undisputed as to the text of the Agreement. Disputed that the FAA requires arbitration here, where threshold contract formation is genuinely disputed. Under 9 U.S.C. § 4, a court shall not compel arbitration unless it is satisfied that the making of the agreement to arbitrate is not in issue; if it is in issue, the court must proceed to trial. The making of the agreement is squarely in issue here.

29.   Plaintiff does not dispute receipt of the Arbitration Agreement, but, rather, affirms that she cannot recall whether she received it.

**RESPONSE:** Disputed. Plaintiff disputes receipt of the Cardholder Agreement for the exact reason stated—she cannot recall receiving it. Defendant has to prove this as a matter of law on its Motion, and Plaintiff bears no burden of proving non-receipt. In her October 2025 Declaration, Plaintiff stated she "cannot recall" receiving it—she did not acknowledge receipt. At her April 29, 2026 deposition, Plaintiff testified that she never received BestBuy account statements, the physical BestBuy credit card, or any correspondence related to the BestBuy account at 341 East 70th Street. (Shirazi Dep. at 101-102.) Non-receipt of the Cardholder Agreement, and non-receipt of the credit card, are affirmatively supported by Plaintiff's testimony and are genuine disputed facts. Under New

York and Second Circuit law, mailing does not conclusively establish receipt, and receipt does not conclusively establish assent. Neither has been established here.

### D.    TRANSFER AND ASSIGNMENT OF THE ACCOUNT

30.    On November 23, 2021, Citibank sold, assigned, and conveyed all rights and obligations to several consumer credit accounts, including the Account, to Resurgent Acquisitions LLC ("RALLC").

**RESPONSE:** Disputed as unsupported by admissible evidence. The only support for this assertion is the Affidavit of Tonya Henderson, a Resurgent employee, and Exhibit 3 thereto. Ms. Henderson is a Resurgent employee, not a Citibank employee, and lacks personal knowledge of Citibank's decision to sell, assign, or convey accounts. Fed. R. Evid. 602. The assignment records themselves are not properly authenticated by a Citibank records custodian. Plaintiff reserves all objections to this evidence. Subject to and without waiving the foregoing, Plaintiff does not dispute that LVNV purports to be an assignee of the Account.

31.    Thereafter, on November 23, 2021, the Account was sold, assigned, and conveyed, first from RALLC to LVNV.

**RESPONSE:** Same objections and response as ¶ 30. Plaintiff does not dispute that LVNV purports to hold an assignment of the Account, but disputes the admissibility and sufficiency of the evidence offered to establish the chain of assignment.

32.    On November 24, 2021, Citibank mailed a letter, informing Plaintiff that the Account was no longer owned by Citibank.

**RESPONSE:** Disputed. Plaintiff has no recollection of receiving this letter. Mailing does not establish receipt, and no one from Citi has testified that this letter was properly addressed, included postage, and was placed in the mail. (*See* Response to ¶ 7, *supra*.) This letter is in any event irrelevant to the threshold question of whether Plaintiff ever entered into the Cardholder Agreement.

E.    **THE COLLECTION ACTION**

33.    On or about January 16, 2024, LVNV filed a Complaint in the Civil Court of the City of New York, Bronx County, styled as LVNV Funding LLC v. Erum Shirazi, to collect on Plaintiff's debt in connection with the Account.

**RESPONSE:** Undisputed that LVNV filed a collection action in Bronx County Civil Court on or about January 16, 2024. Plaintiff notes that by filing in court, LVNV elected a judicial forum and waived any right to compel arbitration. Disputed that the underlying debt is "Plaintiff's."

34.    On January 18, 2024, Plaintiff was served with the Collection Action.

**RESPONSE:** Undisputed.

35.    On or about May 14, 2025, LVNV filed a Notice of Discontinuance of the Collection Action.

**RESPONSE:** Undisputed. Plaintiff notes that LVNV's voluntary discontinuance of the state court collection action—filed the same month Plaintiff commenced this federal

action—is significant. LVNV initiated litigation in a judicial forum and discontinued only after Plaintiff filed this FCRA action. This sequence of events is relevant to LVNV's waiver of arbitration.

**F.**    **PROCEDURAL HISTORY**

36.    On April 10, 2025, Plaintiff filed the instant Complaint against Defendants and Citibank.

**RESPONSE:** Undisputed.

37.    On May 27, 2025, Defendants filed an Answer to the Complaint. On May 29, 2025, Citibank filed an Answer.

**RESPONSE:** Undisputed.

38.    On July 1, 2025, the parties appeared for the initial pretrial conference.

**RESPONSE:** Undisputed.

39.    On September 10, 2025, Citibank filed a Motion to Compel Arbitration.

**RESPONSE:** Undisputed.

40.    On October 1, 2025, Plaintiff opposed Citibank's Motion.

**RESPONSE:** Undisputed.

41.    On October 20, 2025, Defendants filed a Motion to Compel Arbitration. On February 18, 2026, the Court issued an order directing limited discovery on whether Plaintiff is bound by the Arbitration Agreements.

**RESPONSE:** Undisputed. Plaintiff notes that the Court's February 18, 2026 Order directing limited discovery reflects that the Court was not satisfied, on the initial record,

that Plaintiff is bound by any arbitration agreement. That Order created genuine disputed issues of material fact that Defendants' renewed submission does not resolve.

42.    On March 13, 2026, the Court issued an additional order providing deadlines for depositions and supplemental motions.

**RESPONSE:** Undisputed.

43.    On April 22, 2026, Plaintiff's counsel deposed Patricia Sexton, Paralegal 2 at Defendant Resurgent.

**RESPONSE:** Undisputed.

44.    On April 23, 2026, Plaintiff's counsel deposed Steven Sabo, a Recovery Manager at Defendant Citibank.

**RESPONSE:** Undisputed.

45.    On April 29, 2026, Defendants' counsels conducted a Deposition of Plaintiff, Ms. Shirazi.

**RESPONSE:** Undisputed.

46.    On May 14, 2026, Plaintiff's counsel informed the Court that Plaintiff and Defendant Citibank reached a settlement.

**RESPONSE:** Undisputed.

47.    On May 15, 2026, the Court acknowledged the filing and terminated Citibank from this case.

**RESPONSE:** Undisputed.

48.     Currently, Defendants LVNV and Resurgent are the only remaining Defendants in this

case.

**RESPONSE:** Undisputed.


Dated: New York, New York
           June 19, 2026


                                                            Respectfully submitted,

                                                            **ERUM SHIRAZI,**

                                                            By:  ___/s/ Abel L. Pierre_____
                                                            Abel L. Pierre, Attorney I.D. #AP-5508
                                                            Law Office of Abel L. Pierre, P.C.
                                                            165 Broadway, 23rd Floor
                                                            New York, New York 10006
                                                            (212) 766-3323 – Telephone
                                                            (212) 766-3322 – Facsimile
                                                            Email: abel@apierrelaw.com

                                                            Craig C. Marchiando, NY Bar No. 1024495
                                                            Consumer Litigation Associates, P.C.
                                                            763 J. Clyde Morris Blvd., Suite 1-A
                                                            Newport News, VA 23601
                                                            (757) 930-3660 – Telephone
                                                            (757) 930-3662 – Facsimile
                                                            Email: craig@clalegal.com

                                                            *Counsels for Plaintiff*